145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Manuel FLORES-SOLANO, Defendant-Appellant.
 No. 97-10518.
 United States Court of Appeals, Ninth Circuit.
 May 22, 1998.
 
 Appeal from the United States District Court for the District of Arizona.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM[1]
 CARROLL, J., Presiding
 
 Submitted May 14, 1998[2]
 
 1
 Manuel Flores-Solano appeals his sentence for his conviction, pursuant to a guilty plea, for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2).
 
 
 2
 Flores-Solano contends that his waiver in his plea agreement of his appellate rights is inapplicable, because the district court's imposition of an additional criminal history point under U.S.S.G. § 4A1.1(e) was not in accordance with the plea agreement. There is nothing in the plea agreement that precluded the district court from imposing the additional criminal history point. Accordingly, the appeal waiver is valid. See United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991).
 
 
 3
 DISMISSED.
 
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4